UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AMY MARIE HOFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:21-cv-00639-LCB |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On May 5, 2021, Plaintiff Amy Marie Hoffman filed a Complaint seeking judicial review of the Commissioner of the Social Security Administration's adverse action under 42 U.S.C. § 405(g). (Doc. 1). The Commissioner filed an Answer on May 2, 2022. (Doc. 15). Hoffman filed an Initial Brief on June 16, 2022 (Doc. 17), and the Commissioner filed a Response on July 15, 2022. (Doc. 19). Hoffman did not file a reply. The parties have fully briefed the appeal and it is ripe for review. For the following reasons, the Commissioner's final decision is **AFFIRMED**.

## BACKGROUND

Hoffman filed an application for disability insurance benefits on January 29, 2020. (Tr. 215-16).[1] Her claim was denied on May 5, 2020. (Tr. 128-35). She then

---

[1] "Tr" denotes the page number assigned in the administrative record filed by the Commissioner on May 2, 2022. *See* (Docs. 15-3 to 15-14).

1

asked for reconsideration. (Tr. 154). The Commissioner again denied her claim on reconsideration. (Tr. 137-45). After her claim was denied, Hoffman requested a hearing before an Administrative Law Judge. (Tr. 159-60). Her requested was granted, and the hearing was held on October 20, 2020. Hoffman was represented by counsel at her hearing. (Tr. 61-102). Jane Colvin-Roberson, a Vocational Expert, also testified at the hearing. (Tr. 96-101). The ALJ issued an adverse decision on Hoffman's claims on November 2, 2020. (Tr. 48-56). Hoffman then requested review of the ALJ's decision by the Social Security Appeals Council. (Tr. 212). The Appeals Council denied Hoffman's request for review on March 10, 2021. (Tr. 1-3). This lawsuit followed.

## THE ALJ'S ANALYSIS

The ALJ issued a written opinion explaining his decision following the hearing. (Tr. 48-56). In his decision, the ALJ followed the five-step evaluation process set out by the Social Security Administration. 20 C.F.R. § 416.920(a). In accordance with that standard, each step is followed sequentially and, if it's determined that the claimant is or is not disabled at a particular evaluative, the ALJ will not proceed to the next step.

The first step of the five-step analysis requires the ALJ to determine whether the claimant is engaging in substantial gainful activity, which is defined as work involving significant physical or mental activities usually done for pay or profit. If a

claimant is engaged in substantial gainful activity, she is not disabled, and the inquiry stops. Otherwise, the ALJ will proceed to step two. In the present case, the ALJ found that Hoffman had not engaged in substantial gainful activity during the period from her alleged onset date of February 24, 2014, through her date late insured of June 30, 2016. (Tr. 50). Accordingly, the ALJ moved to step two.

At step two, ALJs must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe". 20 C.F.R. § 416.920(c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* If a claimant does not have a severe impairment, she is not disabled, and the inquiry ends. The ALJ found that Hoffman had the following severe impairments: "post-traumatic stress disorder; anxiety disorder; dipolar I disorder; and depression." (Tr. 50). Additionally, the ALJ found that Hoffman's impairments of status post left foot fractures, gastroesophageal reflux disease, clostridium difficile, and substance use (marijuana and cocaine) and alcohol use disorders in remission were non-severe because they either did not result in more than minimal functional limitations or did not meet the requisite durational requirements. (Tr. 51).

The third step of the analysis requires the ALJ to determine whether the claimant's impairments or a combination thereof meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I. If the

3

claimant's impairment or impairments meet or equal a listed impairment, then the claimant is disabled, and the evaluation ends. If not, the ALJ proceeds to the next step. The ALJ found that Hoffman's impairments did not meet or equal any of the listed criteria and, therefore, proceeded to step four. (Tr. 51-52).

Step four of the evaluation requires an ALJ to determine the claimant's residual functional capacity, and whether she has the RFC to perform the requirements of any past relevant work. 20 C.F.R. § 416.920(f). The term "past relevant work" means work performed within the last 15 years before the alleged date of onset. *Id.* If a claimant has the RFC to perform past relevant work, she is not disabled, and the evaluation stops. *Id.* Otherwise, the evaluation proceeds to the final step. *Id.* The ALJ found that Hoffman had the RFC to perform a full range of work at all exertional levels with certain limitations. (Tr. 52-55). Accordingly, the ALJ determined that Hoffman was capable of performing her past relevant work as a bench assembler. (Tr. 55-56). Because the ALJ found Hoffman could perform her past relevant work, he concluded that she was not disabled under the Act. (Tr. 56).

## STANDARD OF REVIEW

The Court must determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person

would accept as adequate to support a conclusion." *Id.* (internal citation and quotation marks omitted). "This limited review precludes deciding facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, while the Court must scrutinize the record as a whole, the Court must affirm if the decision is supported by substantial evidence, even if the evidence preponderates against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## HOFFMAN'S ARGUMENTS

Hoffman purports to advance a single argument on appeal: whether the ALJ supported his RFC determination with substantial evidence. That overarching issue comes in many flavors. Hoffman begins and ends her brief by arguing that the ALJ erred by failing to account for "off task behavior or absenteeism". (Doc. 17 at 4). Hoffman contends that because the vocational expert testified that an employee must stay on task for 90% of a workday or not miss any working days each month to be employable, the ALJ had to support a conclusion that she was incapable of doing so with substantial evidence. *Id.* Put simply, however, those specific criteria are not a necessary part of the required RFC analysis. Indeed, Hoffman cites no authority, and the Court cannot find any, which holds that an ALJ must find that a claimant can stay on task for 90% of a workday or not miss any working days each month. In

5

other words, the ALJ had no obligation to specifically mention and make a finding about the vocational expert's criteria in his opinion. More importantly, as explained below, the ALJ properly conducted the RFC analysis, and supported his conclusions with substantial evidence.

Turning to the substantive RFC analysis, Hoffman first argues that because she presented evidence that she had severe impairments before and after the relevant period, and because there's no evidence that the impairments did not cease during the relevant period, there is no substantial evidence in the record to support the ALJ's RFC determination. (Doc. 17 at 5). As the Commissioner points out, however, the burden is on Hoffman to produce evidence that her impairments limit her ability to work. (Doc. 19 at 10). The regulations make clear that the burden of proof to demonstrate limitations is on the claimant. *See* 20 C.F.R. §§ 404.1512, 404.1545(a)(3). The Eleventh Circuit has further explained that "the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). In other words, Hoffman was responsible for producing affirmative evidence that her severe impairments substantially limited her ability to work. She did not do so.

As the ALJ explained in his opinion, no record evidence shows substantial limitations during the relevant period. He first explained that virtually all the

evidence in the record came either before or after the relevant period. (Tr. 53). Additionally, he pointed out that there is no record of mental health treatment during the relevant period. *Id.* Nor is there evidence of mental health treatment in the year before or the year after the relevant period. *Id.* What little evidence does exist from the relevant period does not show the impairments substantially limited Hoffman, rather she had a normal mood and affect while she affirmatively denied any anxiety or depression. (Tr. 880-87, 891-901). Further, the ALJ cited four different Disability Determination Services medical consultants who each found insufficient evidence to show psychological disorders or limitations during the relevant period. (Tr. 132-35, 142-45). In short, Hoffman produced little evidence from the relevant period, which the ALJ considered along with expert medical opinions, but found that Hoffman had no limitations. Because he considered all relevant evidence and explained why the evidence does not show substantial limitation, the ALJ supported his conclusion with substantial evidence and did not commit reversible error.

Next, Hoffman essentially recites the medical evidence from the relevant period to show the record was not as empty as the ALJ claimed. (Doc. 17 at 5-6). This argument fails to show any error for two reasons. First, as the Commissioner points out, the evidence Hoffman cites does not show any kind of limitation. Again, Hoffman purports to challenge the ALJ's RFC determination, meaning that she is arguing that her impairments were more limiting than the ALJ found. The evidence

she cites, however, consists of a short series of records showing Hoffman sought treatment for her impairments. (Tr. 82-86, 324-28, 1117-19). The evidence does not establish or show how those impairments limited her ability to work because it merely shows that Hoffman was impaired. The Eleventh Circuit has made clear that evidence showing impairment, without showing the limiting effects of that impairment, does not undermine an ALJ's RFC determination. *See Preston v. Comm'r, SSA*, 738 F. App'x 268, 270-71 (11th Cir. 2018) (per curiam). So, the limited evidence Hoffman cites does not show the ALJ committed any error when making his RFC determination.

Second, Hoffman gives special attention to her own testimony. As best the Court can tell, she argues that the ALJ did not consider her testimony when making his RFC determination. (Doc. 17 at 5-6). But the ALJ explicitly cited and considered Hoffman's testimony in his opinion. (Tr. 53). Further, he weighed Hoffman's testimony against the objective evidence, and chose to discount it. *Id.* That is, the ALJ explicitly considered Hoffman's testimony and analyzed its persuasiveness, showing that he considered it as evidence when making his RFC determination. Hoffman does not challenge the ALJ's decision to discount her subjective statements of pain. Accordingly, Hoffman's argument does not show the ALJ committed reversible error.

Ultimately, all of Hoffman's arguments amount to requests that this Court reweigh the evidence, which it cannot and will not do. Hoffman, in essence, cites to evidence in the record that she argues shows that the ALJ's decision was wrong. But, as the law of this Circuit makes clear, a court reviewing an ALJ's decision does not substitute its judgment, nor does it determine whether the ALJ was correct. *See Henry*, 802 F.3d 1264. The weakness of Hoffman's arguments is highlighted by the fact that, in her argument section, she cites just one authority for the proposition that substantial evidence must support an ALJ's conclusion. (Doc. 17 at 6). In other words, Hoffman does not advance any legal argument against the ALJ's opinion; she only asserts that her evidence is more correct than the evidence the ALJ cited.

Most importantly, upon review of his decision, the Court finds that the ALJ properly engaged in the RFC analysis and supported his conclusion with substantial evidence. Hoffman's severe impairments were mental impairments. Accordingly, the ALJ conducted the "special technique" mandated by the regulations and found that Hoffman's mental impairments were severe. (Tr. 51-52); *see Moore*, 405 F.3d at 1213-14; *see* 20 C.F.R. § 404.1520a. Hoffman does not challenge those findings. The ALJ then summarized and evaluated all the medical evidence from the relevant period—and some evidence from outside the relevant period—and discussed why the evidence does not show Hoffman's impairments substantially limited her ability to work. (Tr. 52-55). He cited evidence with specificity and discussed with

particularity the relevant records. *Id.* In short, the ALJ's analysis demonstrates that he carefully considered the record, and he supported his conclusions with specific evidence. And the evidence—or lack thereof—as explained above, supported the conclusion that Hoffman was not substantially limited in her ability to work. Thus, the ALJ supported his RFC determination with substantial evidence.

## CONCLUSION

For the reasons above, the Commissioner's decision is **AFFIRMED**. A final order will be entered separately.

**DONE** and **ORDERED** August 18, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE